**UNITED STATES of America, Plaintiff,**

v.

**Stanley CREWS, Callie Crews, Vergennes State Bank of Vergennes, Illinois, Du Quoin State Bank, William Cochran, also known as William A. Cochran, Dorothy Cochran, also known as Dorothy Kathleen Cochran, also known as Kathleen Cochran, State of Illinois, Defendants.**

Civ. No. 4430.

United States District Court
E. D. Illinois.

March 12, 1964.

Carl W. Feickert, U. S. Atty., East St. Louis, Ill., for plaintiff.

Franklin, Garrison & Bleyer, Marion, Ill., for defendants Stanley Crews and Callie Crews.

F. Mark Miller, DuQuoin, Ill., for defendant Du Quoin State Bank.

W. Troy Barrett, Asst. Atty. Gen., Carbondale, Ill., for defendant State of Illinois.

No counsel for Vergennes State Bank of Vergennes, Vergennes, Ill., William Cochran, Vergennes, Ill., Dorothy Cochran, Vergennes, Ill.

JUERGENS, District Judge.

The United States of America brings this action to foreclose its tax lien on certain real property owned by defendants Stanley Crews and Callie Crews, husband and wife, who reside in Jackson County, Illinois. Jurisdiction is founded on Title 28 United States Code, Sections 1340 and 1345, and Section 7402(a) of the Internal Revenue Code of 1954. Vergennes State Bank maintains an office in Vergennes, Jackson County, Illinois. Du Quoin State Bank maintains an office in Du Quoin, Perry County, Illinois. William Cochran, also known as William A. Cochran, and Dorothy Cochran, also known as Dorothy Kathleen Cochran, also known as Kathleen Cochran, husband and wife (hereinafter known as Cochrans), reside in Jackson County, Illinois. All of the above defendants reside within the Eastern District of Illinois. Defendant State of Illinois is located in Springfield, Illinois.

During the year 1957 the Cochrans were responsible officers for the C. and M. Coal Company of Vergennes, Illinois.

On May 9, 1958, the District Director of Internal Revenue, pursuant to Section 6672 of the Internal Revenue Code of 1954, made 100 per cent penalty assessments of taxes with penalties and interest against defendant Cochrans as the responsible officers of the C. and M. Coal Company and on May 20, 1958, duly gave notice of the assessment, ·stating the amount and demanding payment. Notice of lien for the assessment was filed in the Office of the Recorder of Deeds in Jackson County, Illinois on July 9, 1958.

On May 9, 1958, the date of the assessment, the Cochrans were the owners of the following described property:

A plot of land commencing measurements 20 rods due West of the Northeast corner of the Southwest Quarter (S.W. ¼) of the Northwest Quarter (N.W.¼) of Section 21, Township 7 South, Range 2 West of the 3rd Principal Meridian, running thence due South 8 Rods 8 feet, thence due West 17 rods 14 feet to the place of beginning, and containing 1 acre, more or less, Except 60 feet off the East side thereof as shown by deed dated November 22, 1946, and recorded in book 168 at page 165, also Except 100 feet off the West side thereof as shown by deed dated November 6, 1947, and recorded in book 175 at page 114, situated in Jackson County, Illinois.

On or about August 20, 1958, the Cochrans conveyed the above-described real estate to defendants Stanley and Callie Crews.

Defendant DuQuoin State Bank filed its answer, asserting, inter alia, that it has no interest or lien in the real estate described in the complaint. The Cochrans failed to answer or otherwise plead in the cause, and default judgment was entered against them on March 15, 1963. In reply to request for admissions, defendants Stanley Crews and Callie Crews asserted that on or about July 9, 1958, the property in dispute was owned by the Cochrans and on or about August 20, 1958, they purchased the real estate from the Cochrans. The Vergennes State Bank filed its answer, denying, inter alia, that the notice given by filing of the lien was effective as to them for the reason that the withholding of tax by the Cochrans was not willful. The Vergennes State Bank has not further pleaded, nor has it answered request for admissions proffered to it concerning the existence of a mortgage allegedly held by defendant Vergennes State Bank.

The State of Illinois filed its answer and cross-complaint, asserting that there is due and owing to the Department of Revenue of the State of Illinois the sum of $202.12 for Retailers' Occupation Tax. In the answer, which is verified, the State of Illinois asserts that the Retailers' Occupation Tax due became a lien on January 13, 1959, upon the filing of notices of the tax due in the office of the Circuit Clerk and ex-officio Recorder of Deeds of Jackson County, Illinois.

The United States has filed its motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, Title 28 U.S.C., on the ground that there is no genuine issue or question of fact and that the pleadings, together with the affidavits attached, show that the plaintiff is entitled to summary judgment and the relief prayed in the amended complaint as a matter of law.

Under the provisions of Section 6321 of the Internal Revenue Code of 1954, a lien inures to the United States upon all property and rights to property, whether real or personal, belonging to the person liable to pay any tax who neglects or refuses to pay the same after demand. Section 6322 provides that unless another date is specifically fixed by law, the lien imposed by Section 6321 shall arise at the time the assessment is made and continue until the liability for the amount assessed is satisfied or becomes unenforceable by reason of lapse of time. Section 6323 provides in pertinent parts as follows:

"(a) Invalidity of lien without notice.—Except as otherwise pro-

vided in subsection (c), the lien imposed by section 6321 shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the Secretary or his delegate—

"(1) Under state or territorial laws.—In the office designated by the law of the State or Territory in which the property subject to the lien is situated, whenever the State or Territory has by law designated an office within the State or Territory for the filing of such notice; or * * *."

██ Under Illinois law recording or filing notice of lien on or conveyances of real estate with the Circuit Clerk and Recorder of Deeds for the county in which the property is located is sufficient notice. The filing of the tax lien by the United States in the Office of the Recorder of Deeds of Jackson County, Illinois, on July 9, 1958, was sufficient to perfect the lien as against all persons, including purchasers and mortgagees for value.

The Court need not consider whether the lien was valid prior to this date or not, since on the date the notice of tax lien was recorded, the Cochrans were the parties against whom the tax had been assessed and were also the owners of the real estate involved and the answer of the Du Quoin State Bank is in effect a disclaimer and shows that the mortgage to it has been satisfied. Defendants Stanley and Callie Crews acquired the property by purchase subsequent to the date the lien was perfected. The Vergennes State Bank likewise obtained its interest (if any interest it has) subsequent to perfection of the lien. The lien of the State of Illinois for unpaid Retailers' Occupational Tax was not perfected until long after the lien of the United States was perfected. The persons against whom the tax was assessed have not appeared or presented any defense, and default judgment has been entered against them.

The Government is entitled to judgment against the taxpayers and is entitled to a priority over defendants Stanley Crews, Callie Crews, Vergennes State Bank of Vergennes, Illinois, Du Quoin State Bank and State of Illinois, since all of the claims of the purchasers and mortgagees and the State of Illinois are subordinate to the prior filed federal tax lien.

██ The Court finds that defendants William Cochran, also known as William A. Cochran, and Dorothy Cochran, also known as Dorothy Kathleen Cochran, also known as Kathleen Cochran, are liable to the United States for unpaid taxes with penalties and interest assessed against them in the amount of $1,820.89 plus interest from May 9, 1958, and that the United States has a valid and subsisting lien, for taxes with penalties and interest in said amount plus interest, on the real property hereinabove described and further finds that the lien of the United States is prior and superior to any liens, claims and interests of the defendants herein, and each of them, on said property and that the plaintiff's lien is foreclosed and that the real property hereinabove described be sold by the proper officer of this Court and that the distribution of the proceeds of such sale be made to the United States in an amount sufficient to satisfy the lien of the United States on said property and liability of defendants William Cochran, also known as William A. Cochran, and Dorothy Cochran, also known as Dorothy Kathleen Cochran, also known as Kathleen Cochran, to the United States for unpaid taxes with penalties and assessed interest, plus interest as provided by law, and that plaintiff be granted its costs in this matter. The Court further finds that the lien of the State of Illinois is subordinate to the right of Stanley and Callie Crews and that plaintiff's motion for summary judgment be and the same is hereby allowed.

The above and foregoing shall be considered findings of fact and conclusions of law.

Parties to settle the order.